PRESENT:  All the Justices

OPINION BY
DEMETRIUS D. BALDWIN                    JUSTICE G. STEVEN AGEE

v.   Record No. 061264                          June 8, 2007

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Demetrius D. Baldwin appeals from the judgment of the Court of Appeals of Virginia, which affirmed his conviction in the Circuit Court of Chesterfield County for attempted murder in violation of Code §§ 18.2-32 and 18.2-26.  The sole issue in this appeal is whether the evidence was sufficient to prove the necessary intent to kill to support a conviction for attempted murder.  For the reasons set forth below, we will reverse the judgment of the Court of Appeals.

I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.  "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).

The evidence adduced at trial showed that on the June 16, 2004, Mark D. Bowen, a Chesterfield County police officer, observed Baldwin traveling approximately 25 miles per hour over the posted speed limit in a residential area.  Bowen followed

Baldwin in his police cruiser and both vehicles turned onto Route 10 before Bowen activated his emergency equipment. Baldwin brought his car to a stop on the paved right-hand turn lane of the road with a clear path in the turn lane in front of his vehicle. Bowen parked "about a vehicle and a half length" behind Baldwin, and then approached Baldwin's vehicle on foot. Bowen stopped by the "driver's side rear passenger window" and "the driver's door" of Baldwin's vehicle, keeping his "hand down on the vehicle in case [Baldwin] tried to pop the vehicle or open his door."

Bowen observed Baldwin speaking on a cellular telephone, so he tapped on Baldwin's window. Rather than acknowledging Bowen, Baldwin "put both hands on the steering wheel and turned his vehicle towards [Bowen], and then proceeded over two lanes of traffic and sped off." In order to prevent the back wheels of Baldwin's vehicle from running over his feet as the car accelerated, Bowen perceived he "had to push off the back of the car." Joined by several other police officers, Bowen then pursued Baldwin and was able to stop and arrest him approximately seven miles from the location of the initial stop.

At trial in the Circuit Court of Chesterfield County, Baldwin testified he fled from the initial stop after "panick[ing]" because of an outstanding warrant for his arrest for violating the terms of his probation for a DUI conviction.

2

Baldwin testified he last saw Bowen "[a]t the rim of [Baldwin's] car" and that he did not hear Bowen tap on the window. Baldwin also denied intending to strike Bowen with his vehicle.

After a bench trial, the circuit court convicted Baldwin of attempted murder, in violation of Code §§ 18.2-32 and 18.2-26, and eluding police, in violation of Code § 46.2-817.[1] The circuit court sentenced Baldwin to 15 years incarceration on the attempted murder conviction, with 11 years suspended. Baldwin appealed his conviction for attempted murder to the Court of Appeals. Upon reviewing "all the facts and circumstances" in the record, and noting "[h]ad [Baldwin] intended only to escape, he could have driven away in the turn lane without turning the car in Bowen's direction," the Court of Appeals determined "the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed the intent to kill Bowen by striking him with a motor vehicle."[2]

We awarded Baldwin this appeal.

## II. ANALYSIS

Baldwin makes the same argument on appeal to this Court as he made in the Court of Appeals: that because the evidence does

---

[1] Baldwin did not appeal his conviction for eluding police.

[2] The Court of Appeals also remanded the case to the circuit court for resentencing because the "sentence imposed upon [Baldwin] for his conviction of attempted murder under Code §§ 18.2-26 and 18.2-32 exceed[ed] the statutory maximum for a Class 4 felony."

not show he had the specific intent to kill Bowen, he cannot be guilty of attempted murder. Baldwin contends Bowen's testimony supports the reasonable hypothesis that Baldwin merely panicked and was fleeing the scene rather than taking any action directed toward Bowen. In particular, Baldwin draws attention to Bowen's testimony that he was standing beside Baldwin's vehicle and "had to push off the back of the car so [Baldwin's vehicle's] back wheels didn't run over [his] feet." (Emphasis added.) Baldwin asserts "given Officer Bowen's position beside and behind [Baldwin's] vehicle, [Baldwin] could not have even intended to run over Bowen for being in his way."

Baldwin distinguishes other vehicle-pedestrian cases in which defendants have been convicted for attempted murder based on the evidence in those cases that "the defendant[s] deliberately pointed [their] vehicle[s] toward a potential victim." Baldwin analogizes the facts in the case at bar to those in Haywood v. Commonwealth, 20 Va. App. 562, 458 S.E.2d 606 (1995), where the Court of Appeals reversed Haywood's conviction "because the Commonwealth presented no direct evidence that Haywood in running the road blocks intended to murder the police officers and because its circumstantial evidence did not exclude a reasonable hypothesis of innocence." Id. at 568, 458 S.E.2d at 609.

4

The Commonwealth responds the evidence supports the fact-finder's conclusion as to Baldwin's intent, which must be given deference on appeal. It contends the evidence supports the reasonable inference that "Baldwin intended to kill [Bowen] to effectuate his escape." This is so, the Commonwealth avers, because "[n]othing prevented Baldwin from 'going straight' as he pulled away," yet Baldwin "grabbed the steering wheel with both hands, turned his car toward [Bowen] and sped away." The Commonwealth concludes the circuit court was free to weigh the credibility of witnesses and ignore Baldwin's self-serving explanation in light of Bowen's testimony supporting the conviction.

When reviewing the sufficiency of the evidence to support a conviction, this Court will "affirm the judgment of the circuit court unless that judgment is without evidence to support it or is plainly wrong." Burns v. Commonwealth, 261 Va. 307, 337, 541 S.E.2d 872, 892 (2001). Under this standard, we find the Court of Appeals erred in affirming Baldwin's conviction for attempted murder because the evidence does not support the conclusion that Baldwin had the intent to kill Bowen with his vehicle. "[W]hile a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill." Merritt v. Commonwealth, 164 Va. 653, 660, 180 S.E. 395, 398 (1935); see

5

also Howard v. Commonwealth, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981) (evidence "must establish a specific intent to commit the crime").  The Commonwealth thus had the burden of proving beyond a reasonable doubt at trial that Baldwin acted with the specific intent to kill Bowen.  This, it failed to do.

Bowen and Baldwin were the only two witnesses to testify at trial.  By Bowen's own account, he was standing beside and slightly behind the driver's side door when Baldwin "put both hands on the steering wheel and turned his vehicle towards me, . . . proceed[ing] over two lanes of traffic and [speeding] off, at which time [he] had to push off the back of the car so [the vehicle's] back wheels didn't run over [his] feet."  (Emphasis added.)  And on cross-examination Bowen agreed that Baldwin "didn't put the car in reverse and try to strike [Bowen] with [the] vehicle" and that Baldwin "never tried to strike [Bowen's] vehicle with his vehicle."  Bowen's testimony simply does not support the circuit court's finding that Baldwin formed the intent to kill Bowen by using his vehicle as a weapon.

The case at bar is clearly distinguished from Coles v. Commonwealth, 270 Va. 585, 621 S.E.2d 109 (2005), and cases from the Court of Appeals affirming convictions for attempted murder in somewhat similar circumstances involving a motor vehicle as a potential weapon.  In Coles, a case with unique facts, the Court observed:

6

> Important [to the conclusion that Coles formed the requisite specific intent] are the relative positions of [Coles' vehicle], [the police officer's] cruiser, and [the police officer] when the vehicles were stopped and before [Coles] accelerated [his vehicle].
>
> [The police officer and his vehicle were located at an angle to the left and front of the defendant's vehicle.]
>
> As [the officer] was confronting the defendant, [Coles] assumed a surrender position, and [the officer] believed the pursuit had ended. . . .
>
> [Coles'] contention [that he was merely trying to escape] is belied by the clear evidence that [Coles] drove [his vehicle], not straight ahead where there was plenty of room to make a right turn, but swerved to the left and aimed the [vehicle] directly toward the officer and the police vehicle.

Id. at 590-91, 621 S.E.2d at 112.[3] Thus, in Coles, the defendant "aimed [his vehicle] directly toward" the police officer, who was standing in front of the defendant's vehicle. In contrast, the evidence in the case at bar shows that Baldwin turned his car into traffic in order to flee while Bowen was standing toward the rear of the vehicle and slightly behind the driver's side door. There was no evidence that Baldwin aimed his vehicle directly toward Bowen or otherwise had any intent to inflict bodily harm on Bowen, much less that he had formed the intent to murder Bowen. Indeed, Bowen's testimony indicates that even if

---

[3] See also Holley v. Commonwealth, 44 Va. App. 228, 604 S.E.2d 127 (2004) (defendant accelerated toward police officer standing in defendant's path); Stevens v. Commonwealth, 38 Va. App. 528, 567 S.E.2d 537 (2002) (defendant turned his vehicle toward police officer, who was riding a motorcycle, and accelerated rapidly); Moody v. Commonwealth, 28 Va. App. 702, 508 S.E.2d 354 (1998) (defendant accelerated toward pedestrian).

he had not pushed away from Baldwin's vehicle, the vehicle would at most have struck his feet. When viewed in the light most favorable to the Commonwealth, this evidence does not support the conclusion that Baldwin possessed the requisite specific intent to kill Bowen necessary to support a conviction for attempted murder.

As Baldwin contends, the facts of this case are more analogous to Haywood, which only supported the conclusion that the defendant was attempting to escape. Similarly, the facts before us in this case are insufficient as a matter of law to prove an intent to kill. Thus, the Commonwealth failed to prove a necessary element of the crime of attempted murder. Accordingly, the Court of Appeals erred in affirming Baldwin's conviction for attempted murder because the evidence does not show Baldwin possessed the requisite specific intent to kill Bowen.

III. CONCLUSION

For the reasons set forth above, we will reverse the judgment of the Court of Appeals and dismiss the indictment.[4]

Reversed and dismissed.

---

[4] In light of our disposition on the merits of Baldwin's conviction, the portion of Court of Appeals' judgment regarding the trial court's error in sentencing Baldwin beyond the statutory maximum becomes moot. Neither this opinion nor the Court of Appeals' judgment has any effect on Baldwin's contemporaneous conviction for eluding the police, in violation of Code § 46.2-817.