COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and Alston
Argued at Salem, Virginia


KYLE DUANE STULLENBERG, S/K/A
  KYLE DUANE STULLENBURG

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0223-09-3                      JUDGE WILLIAM G. PETTY
                                                        MAY 4, 2010

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                            Victor V. Ludwig, Judge

        Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

        Kathleen B. Martin, Senior Assistant Attorney General
        (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
        appellee.


        On October 16, 2008, Kyle Duane Stullenberg was convicted of attempted first-degree

murder in violation of Code §§ 18.2-26 and 18.2-32, use of a firearm while attempting to commit

first-degree murder in violation of Code § 18.2-53.1, discharging a firearm from a vehicle in

violation of Code § 18.2-286.1, and maliciously shooting at an occupied vehicle in violation of

Code § 18.2-154.  On appeal, Stullenberg argues that the Commonwealth failed to prove

attempted murder and the associated firearm charge because the evidence was insufficient to

prove that he harbored a specific intent to kill.  We disagree.  Therefore, we affirm the judgment

of the trial court.

        When considering the sufficiency of the evidence presented below, we "'presume the

judgment of the trial court to be correct'" and reverse only if the trial court's decision is "'plainly

wrong or without evidence to support it.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)); see Code § 8.01-680. We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "'Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954). Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

It is axiomatic that the Commonwealth must prove beyond a reasonable doubt all elements of the crimes for which Stullenberg was convicted. See Williams v. Commonwealth, 14 Va. App. 666, 670, 418 S.E.2d 346, 348 (1992). "An attempt to commit a crime consists of two elements: '(1) the intent to commit a crime; and (2) a direct act done towards it commission, but falling short of the execution of the ultimate design.'" Jay v. Commonwealth, 275 Va. 510, 525, 659 S.E.2d 311, 319-20 (2008) (quoting Glover v. Commonwealth, 86 Va. 382, 385, 10 S.E. 420, 421 (1889)). Further, "'while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill.'" Baldwin v. Commonwealth, 274 Va. 276, 280, 645 S.E.2d 433, 435 (2007) (quoting Merritt v. Commonwealth, 164 Va. 653, 660, 180 S.E. 395, 398 (1935)).

"Intent is the purpose formed in a person's mind at the time an act is committed."

Johnson v. Commonwealth, 53 Va. App. 79, 100-01, 669 S.E.2d 368, 378 (2008) (internal

citations and quotation marks omitted).

> Intent . . . may, and often must, be inferred from the facts and
> circumstances of the case. The state of mind of an accused may be
> shown by his acts and conduct. The finder of fact may infer that a
> person intends the immediate, direct, and necessary consequences
> of his voluntary acts.

Rivers v. Commonwealth, 21 Va. App. 416, 421, 464 S.E.2d 549, 551 (1995); accord Howard v.

Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966).

Here, Stullenberg deliberately gave chase to the car that Josh Baska was driving.

Hanging out the driver's side window, he fired four or five shots from a .45 caliber weapon at

Baska's car. One of these bullets penetrated the driver's side rear bumper and lodged in the car's

frame. As Baska pulled up in front of his house, Nathaniel Stinnett and Stullenberg pulled hoods

over their heads and Stinnett jumped out of the car pointing a gun at Baska. Baska was able to

flee by driving around a circular driveway. Baska further testified that he had taken money to

get drugs for Stullenberg and Stinnett, but had neither delivered the drugs nor returned the

money. This testimony established a possible motive for the shooting. After the shooting,

Stullenberg admitted that he had shot "at someone." Finally, Brittany Lambert testified that

Stullenberg told her that "[Stinnett] wasn't looking at time like him, because he didn't shoot at

someone." When asked whether Stullenberg told her who had shot at someone, she replied that

Stullenberg said he did.

There is no other inference to be drawn from these facts other than Stullenberg intended

to hit Baska with one of the four to five .45 caliber bullets he shot at Baska's car. By pointing

the gun toward Baska and pulling the trigger multiple times, we must infer that Stullenberg

intended the "immediate, direct, and necessary consequences of his voluntary act." Rivers, 21

Va. App. at 421, 464 S.E.2d at 551. Stullenberg's intent was also established by his statements after the shooting.

In conclusion, we hold that the evidence, taken as a whole, was sufficient to establish that Stullenberg specifically intended to shoot, and ultimately kill, Baska. Therefore, the trial court's judgment was not plainly wrong or without evidence to support it. Therefore, we affirm Stullenberg's convictions.

Affirmed.