UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia


CONNIE BETH KLEWER

MEMORANDUM OPINION[*] BY

v.        Record No. 0791-11-3                        JUDGE LARRY G. ELDER
                                                      OCTOBER 9, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

Charles E. Haden for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Connie Beth Klewer (appellant) appeals her convictions for possession of child pornography

in violation of Code § 18.2-374.1:1, electronic solicitation of a minor in violation of Code

§ 18.2-374.3(C)(3), and two counts of use of an electronic system to expose her sexual or genital

parts to a minor in violation of Code § 18.2-374.3(C)(1).[1]  Specifically, she challenges the

sufficiency of the evidence supporting her conviction for electronic solicitation of a minor on the

basis that the record does not establish her intent to engage in sexual acts with the minor victim.

Second, appellant argues the Commonwealth failed to prove venue was proper in Russell

County, the jurisdiction in which she was indicted.  Appellant also contends Code

§ 18.2-374.3(C)(1) should not be interpreted to apply the term "sexual or genital parts" to

include breasts.  Finally, appellant argues the evidence is insufficient to support a finding that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of contributing to the delinquency of a minor, but she
does not challenge that conviction on appeal.

she was in actual or constructive possession of child pornography.  For the reasons that follow,

we affirm.

I.

ANALYSIS[2]

A.

ELECTRONIC SOLICITATION OF A MINOR

Appellant argues the evidence is insufficient to support a finding that she solicited the

minor victim with the intent to engage in a sexual act.  She contends the only reason she agreed

to meet with the victim in the park on July 9, 2009, was to "talk about what had gone on and

what his mother knew" about their conversations via emails and text messages.

When a defendant contests the sufficiency of the evidence on appeal, we consider the

evidence in the light most favorable to the Commonwealth, the prevailing party below.  See

Baldwin v. Commonwealth, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007).  "We also accord the

Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).  "The issue upon appellate

review is 'whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (emphasis

omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d

560, 573 (1979)).  The appellate court must review the evidence that tends to support the

conviction and uphold the trial court's judgment unless it is plainly wrong or without evidence to

support it.  Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004).  The jury,

---

[2] Assuming without deciding that appellant's assignments of error are specific enough to comply with Rule 5A:12(c)(1), we do not dismiss the appeal and address the merits as argued in the briefs.  See Davis v. Commonwealth, 282 Va. 339, 339-40, 717 S.E.2d 796, 796-97 (2011).

"who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

Under Code § 18.2-374.3(C)(3), "a defendant is guilty of illegally using a communication system if he contacts 'any person he knows or has reason to believe is a child less than 15 years of age' with lascivious intent for the purpose of soliciting that person's involvement in any of several sexual encounters." Grafmuller v. Commonwealth, 57 Va. App. 58, 61, 698 S.E.2d 276, 278 (2010) (quoting Code § 18.2-374.3(C)). The issue we must determine is whether the evidence supports the jury's finding that appellant possessed the requisite "lascivious intent" when she agreed to meet with the victim in the park on July 9, 2009. "'Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be shown by a person's conduct or by his statements.'" Vincent v. Commonwealth, 276 Va. 648, 652-53, 668 S.E.2d 137, 140 (2008) (quoting Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)).

Viewing the evidence in the light most favorable to the Commonwealth, the course of conduct between appellant and the victim on and before July 9, 2009, allowed a jury to conclude beyond a reasonable doubt that appellant intended to engage the minor victim in a sexual act on that date. On brief, appellant focuses only on the conversation between herself and the victim on July 9, 2009, to argue that her intentions in meeting with the victim were solely innocuous. Although this conversation appears innocuous when viewed out of context, the fact finder must "consider the conduct of the person involved and *all the circumstances* revealed by the evidence." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987) (emphasis added). These circumstances establish that appellant and the victim sent text

messages to each other for several days after the 2008-2009 school year ended.[3] The victim also received email messages from appellant through his cell phone. The exchanges between them started as casual conversation, but soon progressed to discussions of sexual matters. For example, on July 3, 2009, appellant discussed performing oral sex on the victim. The victim testified that appellant initiated these discussions involving sex and that he then sent appellant a video of himself masturbating. On the evening of July 4, 2009, appellant asked the victim to send her a picture of himself naked, with which the victim complied. Appellant then instructed the victim to take another nude photograph of himself while he was lying down on the bed. The victim submitted to this command as well. Appellant then sent the victim four photographs showing her exposed breasts.

The victim returned to the Tennessee home of his mother the following day. She questioned the victim about the high telephone bill that had resulted from his high volume of texting and confiscated his phone. After seeing a suspicious message from appellant on July 7, 2009, the victim's mother began responding to appellant's messages while posing as the victim and using his email address. Believing the mother was the victim, appellant recounted a prior conversation in which the victim said "if [appellant] would come to [his] house, [he] would put it in [her]," with appellant replying, "I would have been there in two seconds with an offer like that." Appellant further stated she would give the victim "[j]ust a little hint what it's like to have an orgasm with [her]." Appellant also said she had looked at the pictures the victim had sent "probably a million times" and she knew "just where to lick." During the exchange, appellant re-sent the four pictures of her exposed breasts.

On July 8, 2009, the victim borrowed a phone and called appellant to warn her that any text messages she had received in the previous two days had been from his mother, not him.

---

[3] Appellant was the victim's science teacher.

That evening, the victim's mother and stepfather confronted him about his relationship with appellant. The victim admitted that their relationship was of a sexual nature. The victim's mother took him to the office of the Russell County Commonwealth's Attorney on July 9, 2009. At the direction of the police, the victim began texting with appellant around noon to discuss meeting at a nearby park. The victim asked if appellant was going to wear something "hot," to which appellant replied, "Not in public, but maybe when we get back in private." Appellant then said she was in the bathroom shaving her legs "[a]ll the way." Appellant then suggested she and the victim return to her house after meeting in the park.

The police arrested appellant when she arrived at the park as arranged. Appellant gave a written statement that corroborated the victim's testimony regarding the exchange of messages with sexual content and pictures. Appellant claimed that she wanted to meet the victim at the park on July 9, 2009, to find out what his mother knew about what had transpired between appellant and the victim. During an interview with a social worker, appellant said she was in love with the victim and wanted to be with him. She stated that her daughter had taken the photos of appellant's exposed breasts and appellant had sent them from her home to the victim. Appellant admitted she had received photographs of the victim's entire naked body. She said she had received a naked photograph of him lying on the bed, as she had instructed him, and a video of him masturbating. She said she was at her Lebanon home in Russell County when she sent and received the messages from the victim.

The combined force of these circumstances establishes a lascivious relationship between appellant and the victim. Appellant initiated the conversations involving sex, described performing oral sex on the victim, instructed the victim on how to take nude photographs of himself and send them to her, and invited appellant to her home on July 9 at a time when they would be alone. Based on these prior conversations, the jury could reasonably infer that

appellant intended to act on her previously-stated desire to perform various sex acts on the victim. Further, even if appellant did intend to discuss with the victim the extent of his mother's knowledge of their conversations, nothing in the record renders these goals mutually exclusive. Considering all the facts and circumstances in the light most favorable to the Commonwealth, the evidence proved beyond a reasonable doubt that appellant intended to solicit the victim to commit a sexual act on July 9, 2009, and that she was guilty of violating Code § 18.2-374.3(C)(3).

B.

VENUE

Appellant argues the evidence was insufficient to prove that Russell County was the proper venue in which to prosecute her for using a communication system to solicit a minor to commit a sexual act. She also contends the Commonwealth failed to prove that she possessed the child pornography in Russell County. When addressing a defendant's challenge to venue, we must determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). The Commonwealth may prove venue by either direct or circumstantial evidence. Green v. Commonwealth, 32 Va. App. 438, 447, 528 S.E.2d 187, 192 (2000). The Commonwealth "need not 'prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of the crime.'" Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 713 (2008) (quoting United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987)). Rather, the evidence need only establish a "'strong presumption' that the offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

Here, the facts and circumstances proved that the offense of electronic solicitation of a minor in violation of Code § 18.2-374.3 was committed in Russell County, the jurisdiction in which the offense was prosecuted. "Because Code § 18.2-374.3 does not contain its own venue provision, . . . 'the prosecution of [the crime] shall be had in the county or city in which the offense was committed.'" Spiker v. Commonwealth, 58 Va. App. 466, 470, 711 S.E.2d 228, 229 (2011) (emphasis omitted) (quoting Code § 19.2-244). We have held that the offenses described in Code § 18.2-374.3(C) are completed when the victim receives contact from the defendant, and the proper venue is the jurisdiction in which the victim receives the communication. See id. at 471, 711 S.E.2d at 230 (holding that although the defendant was in Henrico County when he sent the online solicitation, the detective posing as the victim received the communication while he was in Louisa County—the venue in which the crime was prosecuted).

The victim's mother took him to the office of the Russell County Commonwealth's Attorney on July 9, 2009, where, working with the authorities, he initiated the conversation with appellant via his phone. Appellant, who admitted she was in her Russell County residence at the time, engaged in conversation with the victim and agreed to meet him in a nearby park. The evidence establishes that both individuals were in Russell County throughout the entire conversation in which appellant solicited the victim to meet her in the park. Accordingly, the trial court correctly held that Russell County was the proper venue in which to prosecute the offense.

Further, the facts and circumstances proved that appellant possessed child pornography in violation of Code § 18.2-374.1:1 in Russell County. "Venue for a prosecution under [Code § 18.2-374.1:1] may lie in the jurisdiction where the unlawful act occurs or where any child pornography is produced, reproduced, found, stored, received, or possessed in violation of this section." Code § 18.2-374.1:1(G). In her interview with a social worker, appellant admitted to

viewing the nude images of the victim in her Lebanon residence, which is located in Russell County. Therefore, the evidence establishes a strong presumption that the offense was committed within that jurisdiction.

C.

USE OF AN ELECTRONIC DEVICE TO EXPOSE SEXUAL OR GENITAL PARTS

Appellant next argues that when she sent the victim four images of her breasts, she did not expose her "sexual or genital parts," as defined under Code § 18.2-374.3(C)(1). However, appellant did not raise this specific objection in the trial court. The only argument appellant made at her jury trial in regards to her convictions under Code § 18.2-374.3(C)(1) was that the offense contained a contemporaneous "presence requirement" such that merely sending a picture did not constitute an exposure of a sexual or genital part. At no time did appellant contend that a picture of exposed breasts did not fall under the definition of "sexual or genital parts."

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." Thus, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). However, this Court may consider an alleged error to which no timely and specific objection was made when "good cause [is] shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "Determining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error as [appellant] contends and then 'whether the failure to apply the ends of justice provision would result in a grave injustice.'" Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011) (quoting Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010)). "In other words, the ends of justice analysis is a two-step process: determining whether the alleged error

occurred, and, if so, whether justice requires application of the ends of justice provision." Hines v. Commonwealth, 59 Va. App. 567, 572, 721 S.E.2d 792, 794 (2012). "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc). Because appellant did not ask this Court to apply the "ends of justice" exception, Rule 5A:18 bars from our consideration her argument that the four images of her breasts do not constitute "sexual or genital parts" under Code 18.2-374.3(C)(1).

D.

POSSESSION OF CHILD PORNOGRAPHY

Appellant's final argument challenges the sufficiency of the evidence to support her conviction for possessing child pornography. Specifically, appellant contends she did not constructively possess the nude pictures of the victim because the Commonwealth was unable to prove she viewed the pictures on any cell phone or computer.

Under Code § 18.2-374.1:1(A), "[a]ny person who knowingly possesses child pornography is guilty of a Class 6 felony." In order to convict a person of illegal possession of contraband, "proof of actual possession is not required; proof of constructive possession will suffice." Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004). To support a conviction based upon constructive possession, "'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "To resolve the issue, the Court must consider the totality of the

circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

In this case, the victim testified that when he sent two nude photographs of himself to appellant, she responded, "Oh, nice." Appellant confirmed that he sent these pictures to appellant's phone number and email address. Moreover, appellant stated after her arrest that appellant had sent her nude photographs of himself and a video of himself masturbating. Importantly, during the message exchange when the victim's mother was posing as the victim, appellant admitted she had looked at the nude photographs of the victim "a million times." The victim's mother confirmed that she sent the messages to appellant's email address. Appellant's statement that she looked at the nude photographs "a million times" supports the conclusion that she stored the illicit material and accessed it at a later date. See Kromer v. Commonwealth, 45 Va. App. 812, 820-21, 613 S.E.2d 871, 875 (2005) (noting that the defendant's computer "contained pornographic images in a . . . shared file that could be easily accessed through a desktop link" and that the defendant "used the computer and had knowledge and control over its contents"). The fact that appellant's phone lacked email capability is irrelevant. It is clear from appellant's conversations with the victim's mother and her own statements to the police that she accessed the nude images from some electronic device. Thus, this evidence is sufficient to prove beyond a reasonable doubt that child pornography was in appellant's possession and that she was guilty of the charged offense.

### III.

We hold the evidence supports the conclusion that appellant intended to engage in sexual acts with the minor victim when she agreed to meet him in a park. Further, because both the victim and appellant were in Russell County at the time appellant electronically solicited the minor victim and possessed child pornography, the evidence established Russell County as the

proper venue in which to prosecute the offenses. Next, Rule 5A:18 bars our consideration of whether images of appellant's exposed breasts constitute "sexual or genital parts" because she did not make that specific objection to the trial court. Finally, appellant's acknowledgement of receiving the nude photographs of the victim and accessing the images at later dates provides sufficient evidence to support a finding that she constructively possessed the child pornography. For these reasons, appellant's convictions are affirmed.

Affirmed.