PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Russell, S.J.

ROBERT ALLEN WILKINS

OPINION BY
v. Record No. 151068                    CHIEF JUSTICE DONALD W. LEMONS
                                              June 2, 2016
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether it was error to require the defendant to wear jail-issued clothing that the defendant claims was identifiable as such to the jury during a jury trial.

I.    Facts and Proceedings

The appellant, Robert Allen Wilkins ("Wilkins"), was convicted by a jury of petit larceny, third or subsequent offense, in violation of Code § 18.2-104, in the Circuit Court of the City of Portsmouth ("circuit court"). He was sentenced to five years' imprisonment.

Before his jury trial in the circuit court, Wilkins's counsel objected to Wilkins being tried while wearing jail-issued clothing. The only description in the record of Wilkins's clothing is from his counsel—"a green, sort of scrub outfit," black sneakers, and "a visible bracelet on his left arm." The circuit court ordered a recess for Wilkins's counsel to look for non-jail clothing in "a clothes closet" maintained by the public defender's office. The record does not indicate whether Wilkins's counsel used the opportunity to look for clothes, nor does it reveal the length of the recess.

After the recess, Wilkins's counsel renewed his objection, explaining to the circuit court that Wilkins's "lady friend" had twice attempted to bring Wilkins non-jail-issued clothes but that the Portsmouth City Jail had refused to accept them both times. The circuit court judge overruled the objection, saying:

> I understand that the normal practice is to, you know, not have people in jail clothes. I don't know whether the jury is sophisticated enough to know what jail clothes look like or not. The difficulty that we always have is that I've been doing this for almost 50 years, and I can see somebody in jail clothes and I can generally tell you what jail they are from, because they tend to vary. It's the defendant's responsibility to, you know, provide his own clothes within the parameters of the sheriff's department. And if he doesn't do it, then I guess we have to try him in jail clothes.

Wilkins remained in the courtroom as the jury was brought in. The record does not contain any of the voir dire before the jury was empaneled and sworn.

At trial, a security guard at a Wal-Mart store in Portsmouth testified he had seen Wilkins take merchandise off the shelves and leave the store. When confronted by the security guard, Wilkins said, "Just let me go. I won't do it again," and began to take the merchandise out from under his coat. Additionally, the evidence at trial included five certified conviction orders showing Wilkins had been convicted of shoplifting more than three times prior to this event. The Commonwealth rested and Wilkins did not put on any evidence. The record does not contain any of the closing arguments made by either party. The jury was instructed that Wilkins was presumed innocent until proven guilty, but did not receive any instruction concerning his clothing or appearance at trial.

While the jury was deliberating, the circuit court judge said:

> Since we might have some confusion there are a couple of things I want to put on the record. Obviously this is my point of view from what has occurred but nonetheless, I want them on the record.
>
> At one point in time the defendant wanted to be here and then didn't want to be here, and then he did. I want the record to reflect he's been present during all parts of the trial, including the preparation of the instructions. I would also comment that the defendant's conduct here today has been somewhat less than civil, but such interruptions that we have had were largely spontaneous. They were not things I could prevent ahead of time. I certainly

tried.  Whatever extent that may influence the trial, it is a problem the defendant created for himself.

I think he failed to produce [street] clothes, which falls into what I view as a pattern of trying to avoid going to trial in this matter. This case has been pending since April.  It has been continued three times. There has been [sic] three lawyers, because the defendant has been dissatisfied with counsel.  And even as late as yesterday, he tried to get a continuance for what the Court viewed as no good reason.  Obviously, he didn't get a continuance, and I think the issue with the jail clothes is part of that pattern.

The jury returned with a guilty verdict.  After a penalty phase hearing—none of which is in the record—the jury returned with a sentence of five years' imprisonment.  The circuit court held a brief hearing before imposing the jury's verdict as Wilkins's sentence.

Wilkins appealed his conviction to the Court of Appeals, and a divided panel affirmed the conviction.  Wilkins v. Commonwealth, 64 Va. App. 711, 771 S.E.2d 705 (2015).  The Court of Appeals first held that the Commonwealth had not compelled Wilkins to wear jail-issued clothing because the circuit court had "afforded appellant a reasonable opportunity to procure street clothes by ordering a recess so that defense counsel could explore alternatives to the jail clothing."  Id. at 716-17, 771 S.E.2d at 707 (internal quotation marks, alteration and citation omitted).  Next, the Court of Appeals concluded that even if there had been compulsion, "viewing the circumstances in the light most favorable to the Commonwealth . . . , the record fails to establish that appellant's clothing at trial actually was clearly identifiable as jail clothing."  Id. at 718, 771 S.E.2d at 708.  Finally, the Court of Appeals ruled that Wilkins's appearance at trial in jail-issued clothing was a product of his own actions, and that the evidence could not support reversing the circuit court's "specific finding of fact" that Wilkins had been "acting in bad faith."  Id. at 719, 771 S.E.2d at 709.  The dissenting judge disagreed and stated that the Commonwealth had the burden of justifying Wilkins's appearance in jail-issued clothing

3

and disagreeing with the majority's view that the circuit court had afforded Wilkins a reasonable opportunity to obtain non-jail-issued clothing. Id. at 724-33, 771 S.E.2d at 710-16.

Wilkins appealed to this Court. We granted his appeal on the following assignment of error:

> The trial court erred by allowing the jury [trial] to proceed when the defendant was wearing his jail uniform.

## II. Analysis

### A. Standard of Review

Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below. Baldwin v. Commonwealth, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007); Robinson v. Commonwealth, 273 Va. 26, 30, 639 S.E.2d 217, 219 (2007). We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence. Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). Constitutional questions are questions of law, which the Court reviews de novo. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005). But the factual findings of the circuit court are not to be disturbed unless they are plainly wrong or are without evidence to support them. Commonwealth v. Davis, 290 Va. 362, 368-69, 777 S.E.2d 555, 558 (2015).

### B. Jail attire in jury trials

In Estelle v. Williams, 425 U.S. 501 (1976), the Supreme Court of the United States held that states "cannot, consistent[] with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes." Id. at 512. Applying Estelle, we have said that "being compelled to appear before a jury in clearly identifiable jail or prison clothes may undermine the fairness of the fact-finding process and, thus, violate the accused's

4

fundamental right to a presumption of innocence while furthering no essential state interest." Jackson v. Washington, 270 Va. 269, 276, 619 S.E.2d 92, 95 (2005). "Because the particular evil proscribed is compulsion, a defendant must properly object to being compelled to appear before the jury in prison clothes." Id. (internal quotation marks and citations omitted). However, if a defendant wears jail attire before the jury because of a knowingly made tactical decision or because the defendant is otherwise "frustrat[ing] the process of justice by his own acts," then there is no state compulsion and no deprivation of rights. Id. at 505 n.2, 507-08.

This case presents a very narrow question for resolution: whether Wilkins's attire was "readily identifiable" as jail-issued clothing. To answer that question, we first must determine which party has the burden of proof. In other words, does Wilkins have to prove that the clothing he wore at trial was readily identifiable as jail attire? Or, does the Commonwealth have to prove that it was not?

We hold that the defendant bears the burden of proving that the clothing he or she wore at trial was readily identifiable to the jury as jail attire. We find support for this in the language of Estelle itself: even the narrow language of the holding emphasizes that the constitutional violation occurs only when the defendant is "dressed in identifiable prison clothes." Id. at 512 (emphasis added). This approach also finds support in how Estelle has been applied in the federal courts and in our sister states. See, e.g., United States v. Henry, 47 F.3d 17, 22 (2d Cir. 1995) (deferring to the lower court's finding "that a jury would not readily identify [the defendant's jail-issued] denim as prison issue"); United States v. Martin, 964 F.2d 714, 720 (7th Cir. 1992) (ruling for the government because "the defendant is unable to demonstrate that the plain/unmarked jumpsuit that he wore during the two days of trial was clearly identifiable as prison clothing"); United States v. Rogers, 769 F.2d 1418, 1422 (9th Cir. 1985) ("A person

5

seeking reversal of his conviction because he was compelled to stand trial in prison garments must demonstrate from the trial record that a juror would recognize the clothing as having been issued by prison authorities."); Shackelford v. State, 498 N.E.2d 382, 384 (Ind. 1986) ("[T]he defendant must show he was compelled to wear jail attire and that it was readily identifiable as such." (citing Estelle, 425 U.S. at 512) (emphasis in original)).

A defendant must meet this burden with evidence of his or her appearance in court. A record that shows the defendant wore clothes marked with the word "jail" or "prison" would go far in helping the defendant meet his or her burden. See, e.g., Estelle, 425 U.S. at 502 (the defendant's clothes "were distinctly marked as prison issue"). Clothing marked with serial numbers or other indicia of incarceration would also weigh in favor of a defendant satisfying his or her burden. See Randle v. State, 826 S.W.2d 943, 946 (Tex. Crim. App. 1992) (ruling that an Estelle violation occurs when a defendant, against his will, is "placed before the jury while wearing clothing which bears the indicia of incarceration"); see also Scott v. State, 80 S.W.3d 306, 306-08 (Tex. Crim. App. 2002) (reciting the defense counsel's detailed description of the defendant's clothing at trial as "orange overalls marked 'P-5, P-6, No. 27, No. 25,'" and citing Randle). Even unmarked clothing could be readily identifiable as jail-issued clothing, such as the orange jumpsuits or striped outfits widely associated with prison attire. See Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999) (determining that it was "virtually certain that jury members would identify the orange outfit worn by [the defendant] as prison garb," despite the clothing not being marked with "numbers, letters, or other markings").

In this case, the evidence in the record is inadequate for Wilkins to meet his burden of proving that the clothing he wore at trial was readily identifiable as jail attire. The entirety of the description in the record is as follows:

> He's wearing Portsmouth City Jail clothes. They are kind of like a green, sort of scrub outfit. He is wearing black sneakers that I think they have the inmates wear. He's got a visible bracelet on his left arm.

There is no indication that Wilkins's outfit was marked in any manner that would indicate it was from the Portsmouth City Jail, or any other detention facility. Neither the "sneakers" nor the "visible bracelet" as described in this record are clear indicia of incarceration. There are no photographs in the record of either Wilkins's attire specifically or the uniform given to Portsmouth City Jail inmates generally. Because we determine that Wilkins has failed to meet his burden of proving that his clothing at trial was readily identifiable as jail-issued clothing, we do not need to reach the question whether Wilkins was compelled to wear said clothing. Likewise, we do not need to address whether Wilkins's failure to obtain non-jail clothing was a result of his own actions in bad faith.

## III. Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals, affirming the judgment of the circuit court.

Affirmed.
