UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Petty, Athey and Senior Judge Frank
Argued by videoconference


LEONARD EUGENE BLACKWELL, JR.

                                      MEMORANDUM OPINION[*] BY
v.      Record No. 0731-20-3           JUDGE ROBERT P. FRANK
                                           JULY 20, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
Michael T. Garrett, Judge

Peter S. Frazier (The Frazier Law Firm, P.C., on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Leonard E. Blackwell, Jr., appellant, was convicted by a jury of one count of failing to

provide sex offender information, second offense (CR18000836-00), in violation of Code

§ 18.2-472.1.[1]  On appeal, appellant contends the trial court erred in denying his motion to

dismiss the three indictments against him, which he asserts were prosecuted in violation of his

constitutional speedy trial and due process rights.[2]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] He was acquitted of a second count (CR18000835-00), and the Commonwealth moved
to *nolle prosequi* a third count (CR18000834-00).

[2] As indicated in footnote 1 above, appellant was only convicted of one count.  The other
two counts did not result in conviction.  Thus, we have no jurisdiction to address those two
counts.  See Code § 17.1-406.  We discuss them only to provide context for our treatment of the
count that is properly before the Court.

BACKGROUND

On October 1, 2018, appellant was indicted on two counts of failure to register as a sexual offender. The Commonwealth was required to commence prosecution on or before January 14, 2019. See Code § 19.2-243. A third registration count was brought by direct indictment on October 9, 2018 with a commencement date on or before March 21, 2019. By agreement, all three charges were set for a January 4, 2019 bench trial.

On November 29, 2018, appellant was scheduled to be tried in a bench trial for separate sexual offenses that are not challenged in this appeal. That matter was continued because appellant asked for a jury trial and waived his speedy trial rights. Later that same day, the trial court arraigned appellant on the sex offender registration charge that is at issue in this appeal. At the beginning of the arraignment hearing, the judge informed the parties that the January 4, 2019 bench trial would have to be continued because the judge "ha[d] a jury trial that had to be set that day" in another county. The judge also wanted to arraign appellant to confirm whether he wanted a bench or jury trial. Despite the trial judge's explanation that he could not conduct the bench trial on January 4, 2019, appellant indicated that he still wanted to proceed with the scheduled bench trial. The trial court asked, "[n]ow, what's the speedy trial on this one?", and the prosecutor responded:

> It's January the 14th, Your Honor. I'm thinking in my mind I might just nol[le] pros[equi] the charges and re-indict and then ask for a jury trial but right now we've got a speedy trial issue that I'm not going to be able to – to deal with. There's no way to get a jury trial by January 14th. And I do that because I was set for trial this morning [in the other prosecution] and then two days before, he decides to exercise the right to a jury and I don't want this to happen again [in this case] prior to this so it might just be easier for the Commonwealth to do that.

The prosecutor then further stated that he would "just re-indict [the charges] in December and then go on and set it for a jury trial." After consulting with appellant, defense counsel stated:

[a]t this time, my client is requesting that we object to the nol[le] pros[equi] and that we go forward. He is not willing to waive speedy trial but he is—he's entitled to ask for a bench trial, we had this January 4th date scheduled for quite some time. The reasons for the Commonwealth asking for a jury trial, while again understandable perhaps from a practical perspective, do seem a bit punitive and if they were to nol[le] pros[equi], it is—because of his other charges, it is unlikely he would get bond and so he would be right back here and effectively, the speedy trial guarantees in the Constitution kind of be worked around where he would end up being held on these charges for more than a year awaiting trial. Again, I understand the rights the Commonwealth has. For all the reasons I just mentioned, we would object to the nol[le] pros[equi], we are ready for trial on January the 4th before this court for a bench trial and would ask that the charges remain and that we go to trial.

The trial judge reiterated that he had convened the hearing because he was unable to conduct a bench trial on January 4, 2019. He further observed that, with respect to appellant's speedy trial right, both the Commonwealth and the trial court "retain[ ] the right to exercise a right to a jury trial at any time." Thus, "you only get into an area of prosecutorial misconduct or issues like that when you're forcing a person to give up a right that they had or you don't have a right to a bench trial." The trial judge concluded, "[s]o I appreciate the position you're in but . . . I'll have to grant the motion to nol[le] pros[equi]. There's not a good reason not to under those circumstances and I'll note your exception." In response, defense counsel stated, "And, Your Honor, to be clear, we're not alleging . . . prosecutorial misconduct." The trial judge replied, "I'm sorry, and I didn't think you were."

On December 11, 2018, an Amherst County grand jury returned a new indictment for appellant on the count of failure to provide sex offender registration information, second or subsequent offense, in violation of Code § 18.2-472.1.

On February 12, 2019, appellant filed a motion to dismiss the December 11, 2018 indictment, arguing for the first time that the Commonwealth sought the *nolle prosequi* "in retaliation for [appellant's] exercise of his right to a jury trial in the unrelated matter." Appellant

alleged that "[n]o other motivation beyond spite can be inferred from the Commonwealth's actions and its statements made on the record." The trial court heard argument on the motion to dismiss on March 11, 2019. The trial judge recalled that he had directed the Commonwealth to put the arraignment on the docket for November 29, 2018. The trial judge noted that he was the only judge who sat in Amherst County and Nelson County and that he had to "juggl[e] speedy trial" deadlines in both jurisdictions.

Appellant argued that the Commonwealth's request for a jury was to "retaliate" for appellant's demand for a jury on the separate sexual offenses. Appellant argued that the *nolle prosequi* implicated his due process and speedy trial rights. The trial court accepted the Commonwealth's explanation for the *nolle prosequi* and found "good cause." The trial court also found no prosecutorial vindictiveness, distinguishing this case from Battle v. Commonwealth, 12 Va. App. 624 (1991).[3]

The trial court concluded that it would have been difficult to schedule a jury trial in December, "barely two weeks before Christmas." The trial court had no remaining dates for a jury trial before the January 14, 2019 speedy trial deadline, because the trial judge was sitting in Nelson and Amherst counties, sometimes with jury trials every day of the week. Considering the

---

[3] In Battle, the Commonwealth failed to inform Battle's counsel of the existence of a notebook recovered during Battle's arrest. 12 Va. App. at 627-28. Battle moved to suppress the notebook and alternatively requested a continuance. Id. at 628. The trial court suppressed the notebook and denied the request for a continuance, so the Commonwealth threatened to *nolle prosequi* the case and return an indictment for more severe charges. Id. The trial court told Battle he could withdraw his objection to the notebook's introduction or suffer the *nolle prosequi* with the risk of more severe charges. Id. Battle declined to withdraw his objection, and the trial court granted the Commonwealth's motion to *nolle prosequi* the charges. Id. The Commonwealth later brought more severe charges against Battle. Id. This Court found that the record "unequivocally establishe[d] that the enhanced charges brought against Battle were in direct response to Battle's successful suppression motion." Id. at 629. This Court also found that the trial court granted the *nolle prosequi* without a showing of good cause. Id. at 631-32. We held that "the timing of the prosecutor's action in [the] case and the prosecutor's express statements manifest a vindictive intent." Id. at 630.

factors discussed in <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), the trial court found that the length of the trial delay was minimal, the reason for the delay was explainable, and there was not an improper purpose in the delay.[4] The trial court denied the motion to dismiss. This appeal follows.

ANALYSIS

Constitutional questions are questions of law, which this Court reviews *de novo*. <u>Shivaee v. Commonwealth</u>, 270 Va. 112, 119 (2005). Conversely, "the factual findings of the circuit court are not to be disturbed unless they are plainly wrong or are without evidence to support them." <u>Wilkins v. Commonwealth</u>, 292 Va. 2, 7 (2016) (quoting <u>Commonwealth v. Davis</u>, 290 Va. 362, 368-69 (2015)). Appellant contends the Commonwealth violated his constitutional rights to a speedy trial and denied him due process.

The Commonwealth argues that appellant waived his "vindictiveness" argument when he asserted on November 29, 2018 that he was "not alleging . . . prosecutorial misconduct." However, in his February 12, 2019 motion to dismiss, appellant's argument was based on the Commonwealth's retaliation. Appellant again argued prosecutorial vindictiveness at the March 11, 2019 motion to dismiss hearing and the May 7, 2019 trial. While appellant might have waived his prosecutorial vindictiveness argument on November 29, 2018, he reasserted that argument without objection numerous times after. This argument is squarely before the Court.

A. Good Cause Existed for Granting the *Nolle Prosequi*

Code § 19.2-265.3 provides that a "[n]olle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court.

---

[4] The new indictments were brought on December 11, 2018, and appellant's trial took place on May 7, 2019 causing an ultimate delay of five months.

Rather, we consider only whether the record fairly supports the trial court's action." Harris v. Commonwealth, 258 Va. 576, 583 (1999) (quoting Beck v. Commonwealth, 253 Va. 373, 385 (1997)). "[T]he granting of a motion for *nolle prosequi* will only be overturned if there is clear evidence that the decision to grant the motion was not judicially sound." Id. Appellant contends that no good cause was presented for the *nolle prosequi*.

Here, the record fairly supports the trial court's decision to grant the motion for *nolle prosequi*. The trial previously set in the case had to be rescheduled because the trial judge had to schedule another matter in a different county that day. The Commonwealth argued that there would be "no way to get a jury trial by January 14th" and appellant had previously elected a jury trial on the morning of a scheduled bench trial. The trial court reiterated that a defendant and the Commonwealth both have the right to request a jury trial at any time. The trial court found good cause to grant the motion for *nolle prosequi*. We agree. "There is no basis for finding that decision was not founded upon good cause shown by the Commonwealth." Id. at 584.

B. Appellant's Speedy Trial Rights

A claim of a violation of speedy trial rights under the United States Constitution is resolved by the balancing of four factors — length of the delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker, 407 U.S. at 530. "[T]here is no requirement that prejudice be established, but evidence relating to these factors is considered, together with any other circumstances as may be relevant, and balanced in determining whether a constitutional violation has occurred." Howard v. Commonwealth, 281 Va. 455, 462 (2011) (quoting Moore v. Arizona, 414 U.S. 25, 26 (1973)).

There was a short delay of five months from the new indictments on December 11, 2018 to the trial on May 7, 2019. Appellant insists the most important factor in this case is the reason for the delay. He argues that the "[o]ther factors pale in importance when explicitly expressed

prosecutorial spite colors the decision to string along a criminal case. Any delay, of whatever length, and any prejudice, of whatever nature, is inexcusable given the brazenly malicious reasoning given in open court as the basis of the *nolle prosequi*." The sole factor of appellant's argument is prosecutorial vindictiveness. Appellant conceded at oral argument that if there was no prosecutorial vindictiveness, his argument fails. The trial court accepted the Commonwealth's reasons for the delay, as does this Court.

In pressing his claim, appellant falsely characterizes the Commonwealth's statement as an admission that it chose to violate his speedy trial rights because of his request for a jury on the separate sexual offenses. We do not accept that characterization, nor did the trial court, because the record does not support it. The Commonwealth explained at the arraignment hearing in November 2018 why it wanted to *nolle prosequi* the three indictments. The statutory speedy trial deadline was January 14, 2019. The January 4, 2019 bench trial date had to be continued because the trial court had another jury trial set on that date in a different jurisdiction. The Commonwealth contended it could not get a jury trial before the January 14, 2019 speedy trial deadline. The Commonwealth indicated that "we've got a speedy trial issue that I'm not going to be able to – to deal with. There's no way to get a jury trial by January 14th." The Commonwealth also pointed to the fact that appellant asked for a jury on the morning of the trial for the separate sexual offenses, and the Commonwealth did not "want this to happen again . . . ." Thus, the record demonstrates that appellant's characterization of the Commonwealth's motivation is flawed and inaccurate.

In rejecting appellant's motion to dismiss, the trial court found that it would have been difficult to seat a jury in December, two weeks before Christmas, and that there were no available January jury dates before January 14, 2019. The trial court rejected appellant's contention that the Commonwealth had punished appellant for requesting a jury trial in the

- 7 -

separate sexual offenses, finding no prosecutorial vindictiveness.  In its ruling, the trial court

accepted and adopted the Commonwealth's explanation of why it chose to *nolle prosequi* the

indictments on November 29, 2018.  "We review a trial court's factual findings on prosecutorial

vindictiveness for plain error, but we review its legal analysis *de novo*."  Barrett (Clark) v.

Commonwealth, 41 Va. App. 377, 392 (2003), aff'd, 268 Va. 170 (2004).  We give due

deference to the trial court's factual finding that no prosecutorial misconduct occurred.

Appellant also argued in the trial court that he would be prejudiced by the delay in

proceeding to trial on the original indictment because he could not obtain a certain witness,

William Parker, because he is a transient person who could not be located.  Appellant argued that

Parker was subpoenaed for the January 14, 2019 trial, and because the Commonwealth "was mad

at [appellant] for asking for a jury trial," he could no longer be subpoenaed.  The trial court

found that both attorneys had the opportunity to locate Parker, that if Parker could not be located

the court would entertain a request for a continuance, and it was mere speculation that Parker

could not be located in time for the new trial.[5]

After reviewing all the factors in the proper context, the trial court found the length of

delay was minimal and the reason for the delay was explainable.  Having reviewed the record as

it actually exists, rather than as appellant characterizes it, we agree.  As to prejudice, the trial

court found appellant's claim of prejudice was speculative and advised appellant that it would

entertain a motion for a continuance if, in fact, appellant was unable to locate Parker.  On appeal,

appellant offers no argument or authorities concerning prejudice.  Instead, appellant insists that

"any prejudice, of whatever nature, is inexcusable" under his view of the Commonwealth's

position.  Rule 5A:20(e) provides that an appellant's brief must include "the argument (including

---

[5] The record does not indicate that appellant ever sought a continuance or other relief
from the trial court regarding Parker's appearance.

- 8 -

principles of law and authorities) relating to each assignment of error." We find appellant's failure to present any argument or authorities addressing the Barker prejudice factor—other than in incorrect and conclusory terms—is significant and deem it waived on appeal. See Jay v. Commonwealth, 275 Va. 510, 518-20 (2008).

"When an original indictment is supplanted by a second indictment, the terms contemplated by [Code § 19.2-243] are to be counted from the time of the second indictment." Harris, 258 Va. at 585 (quoting Brooks v. Peyton, 210 Va. 318, 322 (1969)). All of appellant's arguments regarding speedy trial violations address the original indictments, not the subsequent indictment upon which he was convicted. "We have already determined that the trial court did not err in granting the motion for *nolle prosequi*. As a result, [appellant's] claim for a violation of his constitutional right to a speedy trial relates only to the prosecution of the second indictment." Id. at 586. Appellant did not challenge the speedy trial deadline for the second indictments. Accordingly, we hold that there was no violation of appellant's constitutional speedy trial rights.

### C. Appellant's Due Process Rights

Appellant argues that the Commonwealth violated his due process rights when it "punish[ed]" him for requesting a jury for the separate sexual offenses. "[F]or an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (quoting Chaffin v. Stynchcombe, 412 U.S. 17, 32-33 n.20 (1973)). "[T]he imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law." North Carolina v. Pierce, 395 U.S. 711, 724 (1969).

The record does not demonstrate that the Commonwealth punished, or attempted to punish, appellant for his election of a jury trial in the separate sexual offenses. The trial court asked the Commonwealth to schedule the case for an arraignment and informed the parties that the January 4, 2019 bench trial could not go forward because of a scheduling issue in another jurisdiction. Appellant nevertheless requested that the bench trial go forward as scheduled. In an effort to avoid additional scheduling conflicts, the Commonwealth merely "ask[ed] for a jury . . . in a case that already had to be rescheduled." The trial court found that "there was no choice in the situation, . . . that the Commonwealth executed a right that they had and it was promptly exercised and not for a wrongful or vindictive purpose." "[A]bsent a presumption of vindictiveness, no due process violation has been established." Barrett v. Commonwealth, 268 Va. 170, 178 (2004) (quoting United States v. Goodwin, 457 U.S. 368, 384 (1982)). Accordingly, we find that there was no violation of appellant's constitutional due process rights.

CONCLUSION

In summary, the record supports the trial court's finding of no prosecutorial misconduct. Thus, appellant's constitutional arguments, both premised on such alleged misconduct, fail. For the reasons stated above, we affirm the conviction.

Affirmed.