COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, AtLee and Raphael

CURTIS BENJAMIN HARRELL, III

v.    Record No. 0195-22-1

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION*
                                            PER CURIAM
CURTIS BENJAMIN HARRELL, III                NOVEMBER 22, 2022

v.    Record No. 0197-22-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

(Megan Shapiro, Senior Assistant Public Defender; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on briefs), for appellee.


Following a bench trial, the Circuit Court for the City of Chesapeake convicted Curtis

Benjamin Harrell, III, of possession of cocaine and driving after forfeiture of license, third offense

in ten years. The circuit court sentenced Harrell to three years, with two years and nine months

suspended for possession of cocaine and five years, with three years and nine months suspended

for driving after forfeiture of license, third offense. Additionally, due in part to the conduct

leading to these new convictions, Harrell was found guilty of violating his probation for an

earlier offense. Harrell now appeals. After examining the briefs and records in these cases, the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

## I.  The Possession and Driving After Forfeiture of License Case

Harrell contends that the circuit court abused its discretion when it denied his motion to suppress because police officers had no reasonable, articulable suspicion that criminal activity was afoot.  Harrell further contends that the evidence is insufficient to support his convictions because the Commonwealth failed to prove he possessed cocaine or drove on a public highway.  Harrell also argues that the circuit court erred in admitting certain statements in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Finally, he argues that the circuit court abused its discretion by imposing an active sentence of one year and six months of incarceration to run consecutively with other sentences.

## A.  Rule 5A:8

Regarding the circuit court's rulings on Harrell's motion to suppress, the sufficiency of the evidence, and Harrell's sentence, Harrell has failed to provide this Court with a record to assess whether the circuit court committed reversible error.  "[A]n appellate court's review of the case is limited to the record on appeal."  *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)), *aff'd*, 292 Va. 2 (2016).  "It is appellant's burden to provide this Court with a record from which it can decide the issues in the case."  *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012).  "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error.  In the absence [of a sufficient record], we will not consider the point."  *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007) (second alteration in original) (quoting *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991)).

The record on appeal does not contain a timely filed transcript of Harrell's motion to suppress hearing. During Harrell's bench trial, without objection, the circuit court incorporated the evidence that it heard at Harrell's suppression hearing. The circuit court convicted Harrell by final order entered on February 17, 2022. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment," which was April 18, 2022. *See* Rule 5A:8(a). Harrell filed the transcript with the circuit court on June 8, 2022. He, however, did not request an extension of time to file a late transcript with this Court within ninety days after entry of the final order pursuant to Rule 5A:8. *See* Rule 5A:8(a).

After reviewing the record and the opening brief we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, is indispensable to a determination of whether the circuit court abused its discretion when it denied his motion to suppress, when it found the evidence sufficient, and when it imposed its sentence. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Because the circuit court relied on the evidence adduced at Harrell's suppression hearing for purposes of determining the sufficiency of the evidence, the transcript from the suppression hearing is indispensable.

Because Harrell failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, necessary to permit us to resolve his first, second, fourth, and fifth assignments of error, we cannot address the merits of those assignments of error. Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered.").

B. Rule 5A:20

Harrell's third assignment of error is also waived. An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) *relating to*

- 3 -

*each assignment of error*." Rule 5A:20(e) (emphasis added). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not . . . correct deficiencies in a brief." *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (alterations in original) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (*en banc*)).

"'[W]hen a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the question as waived." *Bartley*, 67 Va. App. at 744 (quoting *Parks v. Parks*, 52 Va. App. 663, 664 (2008)). Harrell's failure to comply with Rule 5A:20(e) for his third assignment of error is significant. Harrell expressly notes in his brief that he "will not be including an argument in support of this Assignment of Error in this Brief." Accordingly, Harrell's brief "leaves us without a legal prism through which to view his alleged error." *Bartley*, 67 Va. App. at 746. As such, Harrell's third assignment of error is also waived. *See id.* at 745 (holding that an appellant's failure to comply with Rule 5A:20 was significant when he cited to only one case and "fail[ed] to support [his] argument with any legal analysis or authority").

## II. The Probation Revocation Case

Harrell also appeals from a decision of the circuit court revoking his suspended sentence for driving while intoxicated, third offense, and imposing one year and eight months of active incarceration. Harrell offers two arguments on appeal: first, that it was improper for the circuit court to revoke a suspended sentence for convictions that were on appeal; second, that it was an

abuse of discretion for the circuit court to impose one year and eight months of active time. We find neither argument persuasive.

First, Harrell argues that his sentence was based solely on convictions that are currently on appeal to this Court and that if even one appeal is successful, this Court should reverse and remand the revocation sentence for resentencing. We disagree.

When "the Commonwealth elect[s] to rely solely upon a criminal conviction, *without evidence of the related conduct*, to establish the reasonable cause necessary to revocation, the 'bare fact' of such conviction clearly becomes the basis for the revocation." *Resio v. Commonwealth*, 29 Va. App. 616, 622 (1999) (emphasis added). Here, however, Harrell not only acknowledged that he had received new convictions, he also agreed that the evidence of his underlying behavior that the Commonwealth presented and the allegations in the major violation report were true. Furthermore, we have affirmed Harrell's convictions for driving on a suspended license and eluding[1] and for possession of cocaine and driving after forfeiture of license, third offense. Because Harrell's revocation relied upon four new criminal convictions that have been affirmed by this Court, we find that this argument is without merit.

Second, Harrell also contends that the circuit court abused its discretion by revoking the entirety of his suspended sentence and resuspending only one year. Additionally, he asserts that the circuit court did not meaningfully consider his mitigating evidence.

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."

---

[1] *Harrell v. Commonwealth*, No. 0884-21-1 (Va. Ct. App. Aug. 2, 2022).

Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B). Harrell does not contend that the circuit court did not have sufficient cause to revoke his suspended sentence; indeed, he stipulated that he had violated the terms of the suspended sentence.

Additionally, it was equally within the circuit court's purview to weigh any mitigating factors Harrell presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The circuit court "appreciate[d] the hardship, the situation with [Harrell's] wife" but the court was concerned about "the pattern" that it saw. Therefore, the record does not support Harrell's contention that the circuit court did not consider his mitigating circumstances.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Harrell's disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Accordingly, we hold that the sentence the circuit court imposed represents a proper exercise of its sentencing discretion.

- 6 -

Finally, Harrell appears to argue that the circuit court erred when it ran his revocation sentence consecutively with his new convictions. "Generally, circuit courts have the authority to exercise discretion to run sentences concurrently." *Brown v. Commonwealth*, 284 Va. 538, 542 (2012); *see* Code § 19.2-308. Here, the circuit court contemplated running Harrell's sentences concurrently but found that his pattern of behavior was concerning and decided it would run his sentences consecutively. We find this is an appropriate exercise of the circuit court's discretion.

## CONCLUSION

For the foregoing reasons, we affirm each of the circuit court's judgments.

*Affirmed.*