UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia


ANTHONY MICHAEL LOCHETTO

                                           MEMORANDUM OPINION[*] BY
v.       Record No. 0571-22-2            JUDGE DORIS HENDERSON CAUSEY
                                                JUNE 27, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge[1]

(Alexander Raymond, on brief), for appellant. Appellant
submitting on brief.

Virginia B. Theisen, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


A jury found Anthony Lochetto, appellant, guilty of aggravated sexual battery and two counts of taking indecent liberties with a minor in a custodial relationship. He asserts on appeal that his constitutional right to a speedy trial was violated and the evidence was insufficient to sustain his convictions. We disagree and affirm the trial court's judgment.

BACKGROUND[2]

The aggravated sexual battery charge (Circuit Court case number CR20-1248) and one charge of taking indecent liberties (Circuit Court case number CR20-1127) occurred on February 23, 2020. On that occasion, J.H., the 14-year-old daughter of appellant's girlfriend, was

---

[*] This opinion is not designated for publication. See Code § 17.1-413.

[1] Judge Ricardo Rigual presided at the hearing on appellant's speedy trial motion.

[2] The appellate court views the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth. Stone v. Commonwealth, 297 Va. 100, 102 (2019).

watching movies with appellant and her five younger siblings when appellant asked her to sit by him on the sofa.[3] J.H.'s half-sister, A.L., was sitting on another part of the L-shaped sofa, and the other children were lying on the floor. J.H.'s mother was upstairs. Appellant first touched J.H.'s thigh "next to [her] panties." He then touched her breast under her shirt and asked if he could touch her nipple. J.H. told him "no." Appellant next put J.H.'s left hand on his pants over his penis. J.H. was afraid appellant would hit her if she did not comply because he had been violent toward her mother in the past. When she tried to pull her hand away, he kept his hand over hers and pushed her hand against his penis; she felt him get an erection. J.H.'s mother came downstairs when the movie ended, and J.H. told her what appellant had done. Appellant denied molesting J.H., then said he was sorry and left the house. The next morning J.H.'s mother called J.H.'s father in New York, who notified the police. Appellant denied having any sexual encounter with J.H. when interviewed by the investigating detective.

The second charge of taking indecent liberties was based on conduct occurring between November 29, 2019 and February 13, 2020. (Circuit Court case number CR20-1249).[4] J.H. testified that during this time appellant would call her into his bedroom when she came home from school and touch her buttocks. He told her she was "beautiful" and that he would "show her love" so she did not "have to look for it . . . from little boys." Sometimes appellant would have J.H. lie next to him on her side and she "could feel him getting erect." J.H. told her younger brother that appellant "hugged" her "for a long time," but she told no one else because she feared appellant would hurt her. J.H. also thought her mother would not believe her because

---

[3] Appellant lived in the household with J.H.'s mother and their four children, J.H., and her brother. J.H.'s birthdate was April 9, 2005.

[4] This offense was charged originally as aggravated sexual battery but was amended later to taking indecent liberties.

her mother had not been concerned when appellant had grabbed J.H.'s buttocks in February 2019, alleging he thought J.H. was her mother.[5]

After the jury found appellant guilty of the three offenses, the trial court sentenced him to a total of nine years' incarceration and suspended five years. This appeal follows.

ANALYSIS

I. Constitutional Speedy Trial

Appellant argues that his constitutional right to a speedy trial was violated. "Constitutional issues present questions of law reviewed *de novo* on appeal." *Ali v. Commonwealth*, 75 Va. App. 16, 33 (2022). "To the extent such review involves underlying factual findings, those findings may not be disturbed unless 'plainly wrong' or 'without evidence to support them.'" *Id.* (quoting *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016)).

Whether appellant's constitutional right to a speedy trial was violated requires balancing four factors: (a) "the [l]ength of delay," (b) "the reason for the delay," (c) "the defendant's assertion of his right," and (d) "prejudice to the defendant." *Id.* at 34 (alteration in original) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "None of the factors is either 'necessary or sufficient' to finding a violation[,]" but "are related" and "must be considered together[.]" *Id.* at 35 (quoting *Kelley v. Commonwealth*, 17 Va. App. 540, 544 (1994)). To prevail on his claim, appellant "must establish that 'on balance,' the factors 'weigh in his favor.'" *Id.* (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)). Applying the *Barker* factors to appellant's case, we conclude that no speedy trial violation occurred.

---

[5] Appellant was charged with taking indecent liberties but was found not guilty. (Circuit Court case number CR20-1247).

## A. Length of Delay

When considering a constitutional speedy trial violation, "[t]he delay is calculated from the time of arrest." *Id.* Appellant was arrested on February 23, 2020,[6] and was tried 536 days, or 18 months, later on August 12, 2021. Appellant's originally scheduled date for his jury trial was February 24, 2021, but the Commonwealth and appellant jointly moved to continue the trial to April 22, 2021. Following a hearing on April 5, 2021, the trial court denied appellant's speedy trial motion and continued the case on appellant's motion to June 30, 2021. On June 29, 2021, the case was continued again until August 12, 2021, because of a scheduling conflict with another jury trial. A delay "'approach[ing] one year' is 'presumptively prejudicial' and requires further review" of the other three factors. *Id.* (alteration in original) (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

## B. Reason for Delay

Once a presumptively prejudicial delay is established, the Commonwealth must show whether the delay was attributable to the defendant or the Commonwealth and that the delay attributed to the Commonwealth was "justifiable." *Id.* at 36 (quoting *Fowlkes v. Commonwealth*, 218 Va. 763, 767 (1978)). In this case, the majority of the delay (411 days) is attributable to the Commonwealth. The period between February 24, 2021, and June 30, 2021, (126 days) is attributable to appellant because he either joined in a motion, or made his own motion, to continue the case.[7] *See Arnold v. Commonwealth*, 18 Va. App. 218, 223 (delay charged to defendant where he concurred in a continuance), *aff'd on reh'g en banc*, 19 Va. App. 143 (1994);

---

[6] Appellant was arrested on February 23, 2020, on one charge of indecent liberties; he waived preliminary hearing. The grand jury returned indictments on that charge and the other three charges on August 17, 2020.

[7] It appears from the record that the Commonwealth requested the continuance from June 30, 2021, to August 12, 2021, and represented to the court, with defense counsel present, that "we are in agreement for this."

*Price v. Commonwealth*, 24 Va. App. 785, 790-91 (1997) (delay charged to defendant where he requested a continuance). "[A]ny delay not attributable to the defendant is the responsibility of the Commonwealth for speedy trial purposes." *Ali*, 75 Va. App. at 42. Thus, this Court must determine whether the delay charged to the Commonwealth was justified. *See Barker*, 407 U.S. at 531; *Ali*, 75 Va. App. at 36.

Reasons for delay are assessed differently. *See Barker*, 407 U.S. at 531. Deliberate delay intended to "hamper the defense" is weighed more heavily against the Commonwealth than "negligence" in scheduling or "overcrowded courts." *Id.* Delay due to "a valid reason" is justif[ied]." *Id.; see Ali*, 75 Va. App. at 42.

The delay in this case was justified because it occurred in the ordinary administration of justice (22 days from February 23, 2020 – March 16, 2020, and 44 days from June 30, 2021 – August 12, 2021), or was caused by the Supreme Court's emergency orders in response to the COVID-19 pandemic (345 days from March 16, 2020 – February 24, 2021).[8] Further, the emergency orders prohibited the trial court from holding jury trials between May 6, 2020, and January 28, 2021; but, due to the logistics of summoning potential jurors, the first jury trial was not held until March 11, 2021. "A pandemic-related delay is 'valid, unavoidable, and outside the Commonwealth's control.'" *Brown v. Commonwealth*, 75 Va. App. 388, 409 (2022) (quoting *Ali*, 75 Va. App. at 45). *See also Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (recognizing that "[s]temming the spread of COVID-19 is unquestionably a compelling [governmental] interest").

---

[8] *See In re:* Order Declaring a Judicial Emergency in Response to COVID-19 Emergency 1-2 (Va. Mar. 16, 2020). The orders are available on the Supreme Court's website. *See* https://www.vacourts.gov/news/items/covid/scv_emergency_orders.pdf. The emergency orders took effect on March 16, 2020, and continued through June 22, 2022.

Appellant argues, however, that because he wanted a bench trial, but the Commonwealth asked for a jury, the ensuing unnecessary delay was not justified. Appellant's argument fails because he had no constitutional right to a bench trial. *O'Dell v. Commonwealth*, 234 Va. 672, 689 (1988). A criminal defendant may waive a jury, but the prosecutor and trial court must concur. *See* Va. Const. art. 1, § 8; Code § 19.2-257; Rule 3A:13(b). The prosecutor indicated at a bond hearing on February 24, 2021, that she would be willing to waive the jury, but the trial court did not concur. Consequently, the delay created by the Commonwealth's initial request for a jury was justified. S*ee Jiddou v. Commonwealth*, 71 Va. App. 353, 372 (2019) (where the case was initially set for a bench trial, and neither party nor the trial court indicated it was waiving the right to a jury, the trial court did not err in later granting the Commonwealth's motion for a jury trial because "the Virginia Constitution gives the Commonwealth 'an equal voice' in determining whether the case will be heard by a jury" (quoting *King v. Commonwealth*, 40 Va. App. 364, 374 (2003))).

### C. Assertion of Right

Appellant first asserted his speedy trial rights at his arraignment on September 4, 2020. He continued to assert the right in *pro se* letters to the trial court, and his attorney filed a formal motion to dismiss on speedy trial grounds on March 5, 2021.[9] Appellant objected to the trial court's denial of his speedy trial motion at the April 5, 2021 hearing.

### D. Prejudice

The final factor to be considered is prejudice. "The constitutional speedy trial right protects three related interests: '(1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety; and (3) limiting the possibility that the defense will be impaired.'" *Ali*, 75

---

[9] Appellant's subsequent counsel filed an addendum to the motion to dismiss on March 31, 2021.

Va. App. at 47 (quoting *Kelley*, 17 Va. App. at 546). The third interest is the "most important" "because the inability of a defendant to prepare his case skews the fairness of the entire system." *Id.* (quoting *Doggett*, 505 U.S. at 654).

Prejudice is assessed under a "three-tiered test" depending upon the government's "degree of culpability" in the delay. *Id.* (quoting *Shavin v. Commonwealth*, 17 Va. App. 256, 268 (1993)). If the Commonwealth intentionally delayed in prosecuting the appellant, the "'delay will be weighed heavily against the government' even if 'the accused cannot demonstrate exactly how it has prejudiced him.'" *Id.* (quoting *Doggett*, 505 U.S. at 656-57). However, "if the Commonwealth bears no fault in the delay and proceeds 'with reasonable diligence,' then the defendant's 'speedy trial claim w[ill] fail . . . as a matter of course however great the delay, so long as [the defendant cannot] show specific prejudice.'" *Id.* (alterations in original) (quoting *Doggett*, 505 U.S. at 656). If the delay was "caused by governmental negligence," it "occupies the middle ground." *Id.* (quoting *Doggett*, 505 U.S. at 656-57). Although prejudice is presumed when a delay is due to the Commonwealth's negligence, "its weight in [appellant's] favor will depend on the length of the delay," and a short delay overcomes the presumptive prejudice. *Shavin*, 17 Va. App. at 269 (quoting *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993)).

Here, the Commonwealth neither intentionally nor negligently caused the delay. Rather, the delay resulted from the restrictions imposed on trial courts by the COVID-19 pandemic. Because the delay was not the fault of the Commonwealth, and the Commonwealth proceeded "with reasonable diligence" in bringing appellant to trial, appellant must show specific prejudice to prevail on his claim. *Ali*, 75 Va. App. at 47 (quoting *Doggett*, 505 U.S. at 656).

Appellant was incarcerated between his arrest and trial, but that fact alone does not establish specific prejudice. Appellant acknowledges in his opening brief that "the record does

not establish any specific prejudice" to him. He asserts only that "the Commonwealth's tactical decision [to request a jury] certainly prejudiced him." Appellant has proffered no facts to support his claim of prejudice. Speculative claims, absent detailed substantiating facts, are not sufficient to establish specific prejudice. *See Kelley*, 17 Va. App. at 547 (holding that defendant must "demonstrat[e] actual prejudice, and not its mere possibility" and requiring "at least . . . a factual basis" for defendant's claim that his defense had been impaired); *see also Beachem v. Commonwealth*, 10 Va. App. 124, 134 (1990) (holding that defendant's claim that missing alibi witnesses impaired his defense was "sheer speculation" in part because he provided "no details" about his attempts to locate them).

### E. Balancing the Factors

Balanced together, these four factors weigh in favor of the Commonwealth. The delay exceeded one year, and appellant asserted his speedy trial right; but the delay attributed to the Commonwealth was justified, and appellant has not shown he was prejudiced by the delay. *See, e.g.*, *Osman v. Commonwealth*, 76 Va. App. 613, 668-69 (2023) (after "weighing and balancing all the [*Barker*] factors together," holding that "their sum total rebuts the presumption" of prejudice established under the first factor). Thus, no constitutional speedy trial violation occurred, and the trial court did not err in denying appellant's motion to dismiss. *See Brown*, 75 Va. App. at 410.

### II. Sufficiency of the Evidence

### A. Standard of Review

When an appellant challenges the sufficiency of the evidence on appeal, this Court views the evidence in the light most favorable to the party that prevailed in the trial court. *See Palmer v. Commonwealth*, 71 Va. App. 225, 236 (2019). The Court must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

- 8 -

favorable to the Commonwealth and all fair inferences to be drawn" from that evidence. *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)). The Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Barney*, ___ Va. ___, ___ (Mar. 16, 2023) (emphasis added) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, the "only 'relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at ___ (emphasis added) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." *Fary v. Commonwealth*, 77 Va. App. 331, 344 (2023) (en banc) (quoting *Lucas v. Commonwealth*, 75 Va. App. 334, 342 (2022)).

## B. Aggravated Sexual Battery

Aggravated sexual battery may be accomplished by force, threat, or intimidation.[10] *See* Code § 18.2-67.3(A)(4). "Circumstances supporting a finding of force include the victim's relationship to the defendant, the aggressive nature of the defendant's behavior, and the victim's fear during and after the crime." *Bondi v. Commonwealth*, 70 Va. App. 79, 89 (2019). Whether the crime was committed by force "is a question of fact." *Id.* at 88.

Appellant argues the evidence was insufficient to prove that he used force when he held J.H.'s hand on his penis on February 23, 2020. The record, however, refutes his claim. J.H. testified that appellant placed her left hand on his pants over his penis, put his hand over hers when she tried to remove her hand, and then pushed her hand against his penis. Contrary to

---

[10] J.H.'s testimony also showed she was intimidated by appellant, the prosecutor argued both force and intimidation, and the jury was instructed on intimidation.

- 9 -

appellant's interpretation of the facts, 14-year-old J.H. did not willingly "engage[] in intimate physical contact" with appellant. She testified that she acquiesced to appellant's conduct because she feared he would harm her if she did not comply. Appellant was 6′ 6″ tall and weighed 270 pounds in February 2020. Moreover, J.H. knew he had been physically violent toward her mother in the past.

The jury was instructed that "an act undertaken against a victim's will and without the victim's consent is an act undertaken with force." J.H.'s testimony, if believed, was sufficient to establish force. *See Fisher v. Commonwealth*, 228 Va. 296, 299 (1984) (holding that "the victim's testimony, if credible and accepted by the finder of fact, is sufficient evidence, standing alone, to support [a] conviction"). In finding appellant guilty, the jury accepted her testimony. Because the jury's verdict was not lacking in evidentiary support or plainly wrong, it must be upheld on appeal. *See, e.g.*, *Lucas*, 75 Va. App. at 342; *Brown v. Commonwealth*, 68 Va. App. 746, 786-87 (2018).

## C. Indecent Liberties on February 23, 2020

Appellant contends that the evidence was insufficient to sustain this conviction because J.H.'s testimony was incredible and uncorroborated. However, his assignment of error is that there was no evidence of lascivious intent. Rule 5A:20(e) requires that an appellant's opening brief contain "the standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Because appellant's argument on brief does not relate to his assignment of error, he has waived this issue. *See Kirby v. Commonwealth*, 264 Va. 440, 444-45 (2002) (declining to "notice" arguments not "encompass[ed]" by an assignment of error).

Also, Rule 5A:18 precludes the Court from considering this assignment of error. Appellant did not preserve the issue for appeal because he did not argue J.H.'s credibility in his

motion to strike.[11]  Rather, he argued there was no evidence of lascivious intent.  "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial."  *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  *See Commonwealth v. Bass*, 292 Va. 19, 32-33 (2016) (holding that defendant failed to preserve his argument for appeal that the testimony of the Commonwealth's eyewitnesses was "inherently incredible as a matter of law" because in his motion to strike he argued "there was no evidence he knew the gunman or acted in concert with the gunman").

Appellant argued J.H.'s credibility to the jury in closing, but that does not preserve the issue for appeal.  "[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law.  Only a motion to strike the evidence accomplishes that objective in a jury trial."  *Campbell v. Commonwealth*, 12 Va. App. 476, 481 (1991) (en banc).  *See Rompalo v. Commonwealth*, 72 Va. App. 147, 156 n.3 (2020) (stating that the defendant had not preserved her sufficiency argument for appeal because "her opening statement and closing arguments were made to the jury, not the trial court, and therefore do not preserve the issue for appeal"), *aff'd*, 299 Va. 683 (2021).

But even if the issue were properly before the Court, it lacks merit.  Appellant contends that if any improper touching had occurred, it would have been corroborated by "the many different people in that room and home."  J.H.'s younger half-sister, A.L., was sitting on another part of the L-shaped sofa, the other children in the room were lying or sleeping on the floor, and J.H.'s mother was upstairs.  A.L. testified that she saw appellant's hand "right next to [J.H.'s] bottom" but did not see any touching.  As soon as her mother came downstairs, J.H. told her

---

[11] Appellant moved to set aside the verdict, but his motion did not specifically challenge the sufficiency of the evidence.

what appellant had done. Thus, viewed in the light most favorable to the Commonwealth, there was some evidence of corroboration.

However, corroboration was not required. The jury, as the fact finder, was entitled to accept or reject J.H.'s testimony. *See Brown*, 75 Va. App. at 413 (stating that "[d]etermining the credibility of the witnesses and the weight afforded [their] testimony . . . are matters left to the trier of fact" (quoting *Parham v. Commonwealth*, 64 Va. App. 560, 565 (2015))). If believed, J.H.'s testimony alone was sufficient proof. *See Fisher*, 228 Va. at 299 (holding that because the perpetrator and the victim are usually the only witnesses to sexual offenses, "[a] requirement of corroboration would cause most sex offenses to go unpunished"). *Accord Wilson v. Commonwealth*, 46 Va. App. 73, 87-88 (2005). The jury determined that J.H.'s testimony was credible and proved appellant guilty beyond a reasonable doubt. This Court may not disturb that finding because her testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011)). Accordingly, the evidence was sufficient to sustain appellant's conviction for indecent liberties on February 23, 2020.

D. Indecent Liberties November 29, 2019 – February 13, 2020

Appellant argues that J.H. was not a credible witness because she told no one about appellant's inappropriate touching. He admits that he did not raise this argument at trial and asks that the Court apply the ends of justice exception to Rule 5A:18. In determining whether to apply the ends of justice exception, this Court considers whether the alleged error occurred and whether a "grave injustice" would result if the exception were not applied. *Bass*, 292 Va. at 27 (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). The exception does not apply in this case because no error occurred. J.H. testified that appellant called her into his bedroom when she came home from school and touched her buttocks. When appellant had J.H. lie next to

him, she could feel his erect penis.  She told her younger brother that appellant "hugged" her, but she feared appellant would hurt her if she told an adult.  As discussed above, whether to believe J.H. was the jury's prerogative, and if believed, her testimony was sufficient to convict appellant. Applying the exception is not "necessary to avoid a grave injustice or the denial of essential rights."  *Charles v. Commonwealth*, 270 Va. 14, 17 (2005).  Accordingly, we decline to apply the ends of justice exception and hold this issue is barred by Rule 5A:18.

CONCLUSION

For these reasons, we hold that appellant's constitutional speedy trial rights were not violated.  We further hold that the evidence proved that appellant committed aggravated sexual battery and appellant's claims regarding the two charges of taking indecent liberties have not been preserved.  Moreover, J.H.'s testimony was not inherently incredible and was sufficient to prove appellant's guilt.

*Affirmed*.

- 13 -